**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

SNOW GARRISON,

Plaintiff,

v.

Case No. 16-1331-JTM

FASTENAL COMPANY and
CHABRUN BERND,

Defendant.

**MEMORANDUM AND ORDER**

Plaintiff Snow Garrison filed this diversity action against her former employer, Fastenal Company, and Chabrun Bernd, the general manager of Fastenal's Liberal, Kansas store, for defamation, negligent hiring and retention, negligent supervision, and intentional infliction of emotional distress. Fastenal allegedly terminated Garrison's employment after Bernd falsely accused her of burglarizing the store in August 2015 and pursued her criminal prosecution for months, while hiding his own burglary and theft convictions and dishonest character from the police. Complaint, ¶ 16. Defendants move for dismissal of plaintiff's claims for negligent hiring and retention (Count Two) and negligent supervision (Count Three) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 6. Defendants contend an employee cannot bring causes of action for negligent hiring, retention, and supervision against an employer in Kansas. Plaintiff rejoins that because the alleged offensive acts by Bernd were part of his managerial duties and in furtherance of Fastenal's business, Counts Two and Three are cognizable claims. For the reasons stated below, the court grants the motion to dismiss.

The allegation that Bernd acted within the scope of his employment provides the basis for vicarious liability against Fastenal for defamation and intentional infliction of emotional distress.

Plaintiff's argument conflates these two claims with negligent hiring/retention and negligent supervision, which are not predicated on vicarious liability. *Beam v. Concord Hosp., Inc*., 873 F. Supp. 491, 503 (D. Kan. 1994), *on reconsideration*, 920 F. Supp. 1165 (D. Kan. 1996). It is well-settled that "Kansas restricts causes of action for negligent hiring, retention, and supervision to situations in which a member of the public, not an employee, is the alleged victim of another employee's tortious activity." *Topolski v. Chris Leef Gen. Agency Inc*., No. 11-2495-JTM, 2012 WL 984278, at *3-4 (D. Kan. Mar. 22, 2012) (citations omitted). *See also Polson v. Davis*, 895 F.2d 705, 710 (10th Cir. 1990) (holding that Kansas would not recognize the tort of negligent supervision in employment discrimination context), *Farris v. Bd. of County Comm'rs of Wyandotte County, Kan*., 924 F.Supp. 1041, 1051 (D. Kan. 1996) ("Kansas would not recognize a cause of action for negligent hiring, retention, and supervision brought by a plaintiff employee against a defendant employer for the tortious acts of another employee."); *Beam*, 920 F.Supp. at 1168 ("Based upon the Kansas case law, the courts of this district have generally limited the theory of negligent supervision or negligent retention to instances where the plaintiff is a third party and not an employee."); *Forbes v. Kinder Morgan, Inc.*, 172 F. Supp. 3d 1182, 1201-02 (D. Kan. 2016) (for over twenty years, the court has answered that Kansas has not and would not permit an employee who is injured by a fellow employee to recover from the employer under negligent retention and/or negligent supervision theories). In this case, plaintiff was a Fastenal employee allegedly injured by a fellow employee. And because the deficiency cannot be cured by an amendment, the court denies plaintiff's request for an opportunity to amend the complaint. The court therefore dismisses Counts Two and Three.

**IT IS THEREFORE ORDERED** this 9th day of March, 2017, that defendants' motion to dismiss (Dkt. 6) is **GRANTED**. Counts Two and Three are dismissed from this action.

s/ J. Thomas Marten
Chief United States District Judge