IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SNOW GARRISON,

    Plaintiff,

    v.

FASTENAL COMPANY, and
CHABRUN BERND,

    Defendants.

Case No. 16-CV-1331-JTM-GLR

## MEMORANDUM AND ORDER

Plaintiff Snow Garrison brings this action against her former employer, Defendant Fastenal Company, as well as her former supervisor, Defendant Chabrun Bernd. Plaintiff asserts claims of defamation, negligent hiring and retention, negligent supervision, and intentional infliction of emotional distress. This matter comes before the Court on Defendants Fastenal Company and Chabrun Bernd's Motion for More Definite Statement as to Count 1 (Doc. 9). Defendants move the Court for an order for a more definite statement as to Plaintiff's defamation claim pursuant to Fed. R. Civ. P. 12(e). Plaintiff has not filed a response in opposition to the motion, and the time to do so has passed. Thus, the motion can be granted for failure to file a response. The motion can also be granted on the merits, as described more fully below.

**I.    Failure to Respond**

Plaintiff failed to file a response to the motion to dismiss and the time to do so has expired.[1] Under D. Kan. Rule 7.4,

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d)

---

[1] *See* D. Kan. R. 6.1(d)(1) (requiring a response to a non-dispositive motion to be filed within fourteen days).

1

waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.[2]

As a result of Plaintiff's failure to respond, the Court may grant Defendants' motion for more definite statement as uncontested.

## II.     More Definite Statement

An order requiring a more definite statement of a pleading is appropriate when the pleading to which the party is required to respond is "so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired."[3] A motion for more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission.[4] The decision whether to grant or deny such a motion lies within the sound discretion of the court.[5] Because of the minimal pleading requirements and the liberal discovery available under the Federal Rules, motions for more definite statement are generally disfavored.[6] Despite the disfavor of these motions, this Court has held that to survive a Rule 12(e) motion on a defamation claim, the Plaintiff must include the

---

[2]D. Kan. R. 7.4(b).

[3]Fed. R. Civ. P. 12(e).

[4]*Householder v. The Cedars, Inc.*, No. 08-2463-KHV-GLR, 2008 WL 4974785, at *1 (D. Kan. Nov. 19, 2008) (citing *Shaffer v. Eden*, 209 F.R.D. 460, 464 (D. Kan. 2002)).

[5]*Graham v. Prudential Home Mtg. Co.*, 186 F.R.D. 651, 653 (D. Kan. 1999).

[6]*Pegues v. CareCentrix, Inc.*, No. 12-2484-CM, 2013 WL 183996, at *2 (D. Kan. Jan. 17, 2013) (citing *Resolution Tr. Corp. v. Thomas*, 837 F. Supp. 354, 355 (D. Kan. 1993)); *Householder*, 2008 WL 4974785, at *1 (citation omitted).

substance of the statement, the identity of the person(s) to whom the statement was allegedly made, and the time and place of the alleged statement.[7]

Plaintiff's Complaint presents a single allegation in support of her defamation claim. She alleges that after a burglary occurred at the Fastenal store, "Defendant Bernd reported the crime to the Liberal Police Department ("LPD") and, predictably, falsely accused Plaintiff as the perpetrator."[8] Defendants argue that a more definite statement is needed as to what the particular statement was, the person the statement was published to, and the timing of the statement. Defendants argue that the timing of the statement is particularly important here because the Complaint suggests that the statement was made about one year before the Plaintiff filed suit, thereby potentially implicating the applicable statute of limitations.[9] Without knowing the specific date the statements were made, Defendants argue, they cannot determine whether to include the statute of limitations defense in their forthcoming responsive pleading.

A claim of defamation includes the elements of (1) false and defamatory words; (2) communicated to a third person; (3) which result in harm to the reputation of the person defamed.[10] Because defamation constitutes a traditionally disfavored cause of action, defamation claims "present a significant exception to general liberal pleading standards."[11] Thus, "[t]o sufficiently plead a defamation claim, under Kansas law, the complaint must allege the defamatory words, the communicator of those words, the persons to whom those words were

---

[7] *Id.* at *1 (citing *McKenzie v. MCI Worldcom, Inc.*, No. 99-2517-CM, 2000 WL 1303041, at *2 (D. Kan. 29, 2000)).

[8] Doc. 1 at 3–4.

[9] *See* K.S.A. § 60-514(a).

[10] *Dominguez v. Davidson*, 974 P.2d 112, 117 (Kan. 1999) (quoting *Lindemuth v. Goodyear Tire & Rubber Co.*, 864 P.2d 744 (Kan. 1993)).

[11] *Fisher v. Lunch*, 531 F. Supp. 2d 1253, 1271 (D. Kan. 2008) (quoting *Bushnell Corp. v. ITT Corp.*, 973 F. Supp. 1276, 1287 (D. Kan. 1997)).

published, and the time and place of publication."[12]  The Complaint does not allege the specific statements made.  It does not identify to whom it was published.  Nor does it state the time and place of its publication.  Accordingly, because the motion is unopposed and because the allegations in the Complaint are not sufficiently specific for a claim of defamation, the Court grants the motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants Fastenal Company and Chabrun Bernd's Motion for More Definite Statement as to Count 1 (Doc. 9) is **granted**.  **Within ten (10) days of the date of this Order**, Plaintiff shall file an Amended Complaint that alleges sufficient facts to constitute a claim for defamation.

**IT IS SO ORDERED.**

Dated: March 14, 2017

s/Gerald L. Rushfelt
Gerald L. Rushfelt
U.S. Magistrate Judge

---

[12] *Id.* (citing *Bushnell Corp.*, 973 F. Supp. at 1287).